T.C. Memo. 1999-410


UNITED STATES TAX COURT


ANTHONY AND ESTHER SICARI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11761-95.          Filed December 16, 1999.


<u>Sheldon Eisenberger</u>, <u>Richard L. Herzfeld</u>, and <u>Cris Alcamo</u>,
for petitioners.

<u>Wendy Sands</u>, <u>Paul Darcy</u>, and <u>Theodore Leighton</u>, for
respondent.


SUPPLEMENTAL MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Norman H. Wolfe pursuant to Rules 180, 181, and 183.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.  All section references are to the Internal Revenue

Code in effect at the time the petition was filed, unless otherwise indicated.   The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, Special Trial Judge:  This matter is before us on remand from the Court of Appeals for the Second Circuit.  In Sicari v. Commissioner, T.C. Memo. 1997-104 (Sicari I) we granted respondent's motion to dismiss for lack of jurisdiction on the ground that respondent had properly mailed the notice of deficiency by certified mail to petitioners' last known address and that petitioners had failed to file a timely petition for a redetermination of income tax deficiencies.  The Court of Appeals for the Second Circuit has concluded that we erred in holding that the notice was mailed to petitioners' last known address and has vacated our decision and ordered us to make findings whether the notice of deficiency, regardless of improper addressing, actually was delivered to petitioners.  See Sicari v. Commissioner, 136 F.3d 925 (2d Cir. 1998), vacating and remanding T.C. Memo. 1997-104.  We find that the statutory notice was not actually delivered to petitioners.

Background

The background of this case was summarized in Sicari I and we incorporate that statement of background without repetition,

except as to certain matters directly bearing on the issue of actual delivery.

On October 9, 1992, respondent issued to petitioners by certified mail, return receipt requested, a statutory notice of deficiency (the statutory notice) addressed as follows: Mr. Anthony Sicari and Mrs. Esther Sicari, Route 208, Gardiner, NY 12525 (the route 208 address).

During 1992, the Postal Service had changed petitioners' permanent mailing address to the following address: 871 Route 208, Gardiner, NY 12525. Early in 1992, the postmaster of Gardiner, New York, Marianne Walker (Walker), issued notices explaining the address changes and notifying Gardiner Postal Service customers that regardless of the changes, all mail would be delivered without interruption. In fact, the Gardiner Postal Service delivered mail to customers even if it was addressed to the route 208 address throughout 1992 and up to the time of trial. In October 1992, the Postal Service treated mail addressed to the route 208 address as properly addressed.

In 1992, Theresa Williams (Williams) was the letter carrier for the postal route that includes route 208 and the Sicari residence. She worked throughout the month of October 1992 without missing a day for sick leave or vacation. She was well acquainted with the location of the Sicari residence. During 1992, if items of certified mail were addressed to petitioners at

the route 208 address, Williams would deliver them to petitioners.

Williams does not remember the envelope containing the statutory notice. She is unable to recall whether she delivered this particular piece of mail.

On November 10, 1992, the envelope containing the statutory notice was returned, unopened, to respondent. The envelope bore a "Returned to Sender" stampmark in red ink, and the "REASON CHECKED" for return was "Unclaimed". Additionally, the words "Return unclaimed" had been handwritten, by Walker, at the top of the envelope. The envelope also listed three dates. Two of these dates purported to be the dates on which Williams had delivered to petitioners notices informing them that they needed to come to the Post Office to claim the envelope. The last date indicates the date on which the envelope was returned to respondent. The date of the "1st Notice" was listed as "9-24", presumably a reference to September 24, 1992. This date preceded the date of the enclosed notice of deficiency by more than 2 weeks. The date on the "2nd Notice" was listed as "10-16", and the date of return was listed as "10-19".

Respondent made no further effort to contact petitioners concerning the tax deficiencies.

One of petitioners' accountants and tax advisers, Noreen Masztal, C.P.A., testified that in mid-1992 she warned

petitioners to anticipate the statutory notice. She stated that she repeatedly spoke with petitioner Anthony Sicari (petitioner) about the importance of the statutory notice and repeatedly emphasized that he should call her as soon as he received it. According to her, petitioner several times denied receiving the statutory notice and assured her that he would call her as soon as he received it.

Petitioner confirmed the accountant's testimony and denied receiving the statutory notice of deficiency until June 1995, when he met with an Internal Revenue agent to discuss an unrelated matter. Petitioner Esther Sicari also stated that she never had failed to accept certified mail or pick up such mail in response to a notice. Petitioners commenced the present action on June 30, 1995, by filing a petition for redetermination of the deficiencies, and thereafter respondent filed the motion to dismiss for lack of jurisdiction.

Discussion

The opinion of the Court of Appeals for the Second Circuit is that in this case respondent did not satisfy the requirements of section 6212 for mailing of a notice of deficiency to the taxpayer's last known address by certified or registered mail. Nevertheless, as the Court of Appeals states, the notice here would be considered valid if the taxpayers received actual notice of the deficiencies and were not prejudiced in timely filing

their petition. See <u>Sicari v. Commissioner</u>, 136 F.3d 925 (2d Cir. 1998), (citing <u>Pugsley v. Commissioner</u>, 749 F.2d 691, 692-693 (11th Cir. 1985)); see also <u>Frieling v. Commissioner</u>, 81 T.C. 42, 53 (1983). There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee. See <u>Hoffenberg v. Commissioner</u>, 905 F.2d 665, 666 (2d Cir. 1990), affg. T.C. Memo. 1989-676; <u>Mulder v. Commissioner</u>, 855 F.2d 208, 212 (5th Cir. 1988), revg. T.C. Memo. 1987-363; <u>Zenco Engineering Corp. v. Commissioner</u>, 75 T.C. 318, 323 (1980), affd. 673 F.2d 1332 (7th Cir. 1981). This presumption can be rebutted with a showing of postal mishandling. See <u>Mulder v. Commissioner</u>, <u>supra</u> (lack of return receipt for deficiency notice indicates Postal Service mishandled the notice); <u>Estate of McKaig v. Commissioner</u>, 51 T.C. 331 (1968) (envelope was diverted by the Post Office); <u>Violette v. Commissioner</u>, T.C. Memo. 1994-173 (envelope with notation indicating "First Notice, 1-30-83", which preceded issuance of the notice of deficiency dated 01-27-86, "suggests a lack of attention to detail that we are unwilling to overlook under such circumstances".) Here we must determine whether, given the strong presumption of delivery, there was actual delivery of the notice of deficiency.

Although the envelope containing the notice of deficiency was received by the Gardiner Post Office and was treated by the

Postal Service as properly addressed, we are not convinced that the notice actually was delivered to petitioners. The envelope that contained the notice of deficiency indicates that there was some postal mishandling.

The date of "First Notice" precedes the issuance of the notice of deficiency. The envelope reflects an initial delivery attempt on September 24, 1992. The notice of deficiency was issued on October 9, 1992. The first notice of delivery date precedes the date of issuance by 2 weeks, and plainly this circumstance evidences mishandling of this item by the postal authorities.

The return date does not correspond with proper mail handling procedure as provided by postal regulations. Postal regulations provide:

> The carrier must leave a notice of arrival * * * if the carrier cannot deliver the certified article for any reason. The article is brought back to the post office and held for the addressee. If the article is not called for within 5 days, a final notice is issued. If the article is not called for or redelivery of the article is not requested, it must be returned after 15 days, unless the sender specifies a lesser number on the mailpiece. Domestic Mail Manual sec. 912.55.

The statutory notice of deficiency was mailed by respondent on October 9, 1992. If the first attempted delivery was on October 10, 1992, the envelope did not have to be returned until October 26, 1992. The markings on the envelope indicate that the envelope was returned on October 19, 1992. The envelope was not

handled pursuant to the postal regulations, and this is further evidence of postal mishandling.

Williams testified that she could not recall delivering this particular piece of mail. Such a lack of recollection may seem entirely appropriate in view of the large number of items handled each day by a letter carrier. Here the item was certified and supposedly went out for delivery several times before return to the sender with markings that are chronologically impossible.

In sum, the letter carrier has no recollection of the item; at least one of the stampings on the envelope is at best inaccurate; and the postal authorities failed to follow their own regulations concerning the handling of certified mail. There is evidence of irregularity in the Postal Service's handling of the item here and, with respect to the issue of actual delivery, those irregularities are too significant to be ignored.

Additionally, both petitioners have testified that they did not receive the certified mail delivery they were awaiting. Anthony Sicari was explicit and emphatic in his testimony that he had been told to await the deficiency notice and call his tax advisers immediately upon the receipt of such a document. One of his accountants, Noreen Masztal, testified that she had explained to Mr. Sicari that the 90-day letter should be expected and that in their own interests the Sicaris should act on it promptly.

The Sicaris deny actual receipt although they were expecting the 90-day letter. The letter carrier does not remember delivering the letter. Postal procedures were not followed, and the actual envelope is mismarked. The address employed by respondent, while it generally should have resulted in delivery of the mail, was not the taxpayers' last known address.

Under all these circumstances, we find that actual delivery was not accomplished.

Accordingly, based upon the facts and circumstances of this case, we will deny respondent's motion to dismiss for lack of jurisdiction and will dismiss for lack of jurisdiction on the ground that no valid notice of deficiency was ever issued or delivered to petitioners.

<u>An appropriate order will be issued</u>.